## TEXAS & P. RY. CO. v. WILEY.

(Court of Civil Appeals of Texas. Texarkana. March 14, 1913. Rehearing Denied March 27, 1913.)

1. MASTER AND SERVANT (§ 291*)—INSTRUCTIONS—SUFFICIENCY.

Where, in an action for injuries to a servant of a railroad while attempting to board a moving engine, the petition alleged that, as the engineer saw plaintiff about to board the engine, he suddenly increased the speed, which was the proximate cause of the injury, an instruction that if defendant's "servants and employés" in charge of the engine saw plaintiff about to board the same and suddenly increased the speed, which resulted in plaintiff's injury, the jury should find for him, was not fatally defective in using the word "servants," instead of confining the issue of notice to the engineer; it not being probable that the jury were misled thereby.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

2. TRIAL (§ 253*)—INSTRUCTIONS—EVIDENCE.

Where plaintiff, a railroad employé, was injured by the sudden increase in the speed of an engine as he was attempting to board it, defendant railroad company was not prejudiced by an instruction that a verdict should be returned for defendant, if the jury believed that defendant increased the speed of an engine on observing a semaphore, without seeing plaintiff in the act of boarding the engine, notwithstanding plaintiff was thrown and injured as alleged; such instruction not being so restrictive as to exclude a finding for defendant on other facts which may have constituted a good defense.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. MASTER AND SERVANT (§ 202*)—INJURIES TO SERVANT—MALICIOUS ACTS.

Where defendant's locomotive engineer suddenly increased the speed of the engine as plaintiff was endeavoring to board it, resulting in injury to him, an instruction that defendant was not liable if the engineer acted maliciously was properly refused, under the rule that an employé operating machinery of his employer, and acting within the scope of his authority, binds the employer by his malicious acts, as well as by his negligent conduct.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 535–537; Dec. Dig. § 202.*]

---

4. MASTER AND SERVANT (§ 249*)—INJURIES TO SERVANT—INTENTIONAL AND RECKLESS ACT OF SUPERIOR—CONTRIBUTORY NEGLIGENCE.

Where plaintiff's right to recover for injuries caused by a sudden acceleration of the speed of an engine as he was endeavoring to board it was made to depend on the fact that the engineer saw plaintiff as he attempted to get on the engine, and intentionally increased the speed thereof, the court properly refused to charge that plaintiff could not recover if he negligently got into a dangerous position where he should not have been.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 673; Dec. Dig. § 249.*]

5. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE—INJURIES TO SERVANT—BOARDING MOVING LOCOMOTIVE.

In an action for injuries to a railroad employé by the sudden increase of the speed of a locomotive as plaintiff was endeavoring to board it, the court properly refused to charge that if the engineer saw plaintiff and increased the speed to prevent his getting on, and not with the intention to injure him, plaintiff could not recover, since, though the engineer was entitled to prevent unauthorized persons from getting on his engine, the court could not say, as a matter of law, that the increase of the speed, under such circumstances, was a prudent and proper method of accomplishing that end.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–460; Dec. Dig. § 194.*]

6. .APPEAL AND ERROR (§ 1067*)—REVIEW—INSTRUCTIONS—PREJUDICE.

The refusal of an instruction that, in case the jury found the converse of the facts on which plaintiff's right to recover was made to depend, they should find for defendant was not reversible error, though it might well have been given, where the giving it would not probably have affected the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Henry Wiley, Jr., against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, and W. L. Hall, of Dallas, for appellant. Lane & Lane, of Marshall, for appellee.

HODGES, J. The appellee, Wiley, recovered a judgment in the court below against the appellant for $350 as damages for personal injuries. The testimony shows that Wiley was about 19 years of age, and was employed by the appellant in its railway shops at Marshall, Tex. On the date of the injury appellant's switch engine had been sent out to assist one of its trains over a grade a short distance from the depot, and was returning to the shops. Wiley was also going from his home to his place of work. As the engine approached him going at a slow rate of speed, he attempted to get on for the purpose of riding down to the shops. He testified that as he made this attempt the engineer saw him and suddenly increased the speed of the engine; that this threw him down and caused the injuries for which he sued. There was testimony that it was the custom of employés in going to and from their work to ride this engine when making such trips; that some of them were on the engine at the time of this occurrence, riding to their work.

[1] It is claimed that the court erred in giving this charge: "Now, if you should believe from a preponderance of the evidence that plaintiff was in the act of boarding defendant's switch engine and that defendant's servants and employés in charge of the said engine saw him about to board the engine, and if you should believe that the said servants and employés so seeing plaintiff in the act of boarding said moving engine, if they did see him, suddenly increased the speed of said engine, if they did increase the speed of said engine, and thereby threw plaintiff down and injured him, as alleged, and that said act of defendant's servants and employés in so increasing the speed of said engine was negligence, and such negligence, if any, was the proximate cause of the plaintiff's injury, then you will find for the plaintiff." The complaint seems to be based upon the use of the word "servants" instead of confining the issue of notice to the engineer, the only employé which the pleadings allege saw Wiley when he attempted to get on the engine. While the charge did not conform strictly to the language of the pleadings, it is improbable that the jury was misled by the use of the plural form. The charge also required the jury to find that, under the circumstances, the act of the employé in charge of the engine in suddenly increasing the speed was negligence, and for that reason it is not subject to the other objection urged.

[2] The second assignment of error relates to a charge in which the jury was instructed to return a verdict for the defendant, if they believed that the appellant's servants increased the speed of the engine, but did so upon the observation of the semaphore, and did not see the plaintiff in the act of boarding the engine, notwithstanding the plaintiff was thrown and injured as alleged in his petition. No harm could have resulted to the appellant from this charge. It simply grouped facts which, if found to be true, would authorize a verdict for the defendant. It was not so restrictive as to exclude a finding in appellant's favor upon other facts which may have constituted a good defense.

[3] A special charge was requested and refused which, in effect, told the jury that the appellant would not be liable if the sudden increase in the speed of the engine was the malicious act of the engineer. Such intentional conduct on the part of the engineer would no more constitute a defense in this case than would his wanton and wreckless conduct in running his train over one who

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

happened to be upon the railway track in front of it. An employé operating the machinery of his employer, and acting within the scope of his authority, binds his employer by his malicious acts, as well as by his negligent conduct. The charge embodies an incorrect proposition of the law. I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; T. & N. O. Ry. Co. v. Parsons, 109 S. W. 241; s. c., 102 Tex. 157; 113 S. W. 914, 132 Am. St. Rep. 857.

[4] Appellant also complains of the refusal to charge the jury that, if they found the appellee was negligent in attempting to get on the engine when he did he could not recover. The court gave the following as a part of his main charge: "You are further instructed that plaintiff assumed the risk of boarding the engine going at the speed at which it was going at the time he attempted to board the same, and if you should believe from a preponderance of the evidence that plaintiff attempted to board the said moving engine, and that thereby, without any increase of the same, he was thrown down and injured, you will find for the defendant." The main charge made the right of the appellee to recover depend upon the fact that the engineer saw him as he attempted to get on the engine, and that the engineer then intentionally increased the speed of the engine, thereby causing the injury that resulted. Even if Wiley by his negligence got into a position where he should not have placed himself, that fact did not excuse the engineer for intentionally or recklessly increasing the speed of the engine after discovering Wiley's situation.

[5] The appellant requested the following special charge, which was refused: "That if plaintiff attempted to board a switch engine when it was moving at a rate of speed as fast as a man could run, and if the engineer saw him and increased the speed of the engine to prevent him getting on, and not with the intent to injure him, then the plaintiff cannot recover." Unquestionably the engineer had the right to prevent unauthorized parties from getting on his engine, and to that end might prudently use such force as was reasonably necessary; but the court could not tell the jury, as a matter of law, that in this instance the increasing of the rate of speed was a prudent and proper method for keeping trespassers off. There was no error in refusing the charge. Dillingham v. Russell, 73 Tex. 47; 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753.

[6] Appellant also requested the court to instruct the jury that if the engineer did not see Wiley when he attempted to get on the engine to find for the defendant. There probably would have been no impropriety in giving this charge. It was, in part, the converse of what was submitted by the court in his main charge, fixing the conditions under which the plaintiff was entitled to a recovery. The failure to give it, however, should not be considered as reversible error. It is not likely that the jury would have been influenced to return a different verdict, had it been given.

The remaining assignments of error complain of the insufficiency of the evidence to support the verdict, and are overruled.

The judgment of the district court is affirmed.